Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY
NATIONAL TITLE INSURANCE COMPANY, and FIDELITY
NATIONAL TITLE AGENCY OF NEVADA, INC.

DESIGNATED LOCAL COUNSEL FOR SERVICE OF
PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>Defendants. | Case No.: 2:20-CV-02146-RFB-VCF<br><br>**STIPULATION TO STAY CASE** |

Plaintiff Deutsche Bank National Trust Company and Defendants Fidelity National Title

Group, Inc., Fidelity National Title Insurance Company, and Fidelity National Title Agency of

Nevada, Inc. (collectively, the "Parties"), by and through their undersigned counsel, stipulate and

agree as follows, subject to the approval of the District Court:

This is one of several title insurance coverage disputes pending in this district following an HOA foreclosure sale. The case was originally filed in Nevada state court. ECF No. 1. Defendant Fidelity National Title Insurance Company removed based on diversity jurisdiction. *Id.* Plaintiff filed a motion to remand this matter to the Eighth District Court and a motion for fees (ECF Nos. 10-11). Defendants have each filed motions to dismiss (ECF Nos. 14-16);

To the extent the Court exercises jurisdiction over this matter, this case, like the majority of HOA title insurance cases pending in this district, concerns the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and the CLTA 115.2/ALTA 5 Endorsement (others among these cases concern the similar CLTA 115.1/ALTA 4 Endorsement);

One such matter is on appeal, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The parties to that case—whose counsel are also counsel in this action—have been advised that the Ninth Circuit is considering the *Wells Fargo II* Appeal for oral argument;[1]

The Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

Because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, to the extent the District Court finds it has jurisdiction to hear this dispute, the Parties stipulate and agree that a stay of discovery in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby

---

[1] The Court had indicated it would hear oral argument in Summer, 2021. The Ninth Circuit subsequently ordered the parties to participate in another pre-mediation conference, which is scheduled for early June. A new date or time frame for oral argument has not been provided. The Parties anticipate that a new date will be provided once the mediation conference is concluded.

**STIPULATION TO STAY CASE**

stipulate and agree as follows:

1. Discovery between the Parties in the instant action shall immediately be **STAYED** pending the earlier of the disposition of either Plaintiff's motion to remand or the *Wells Fargo II* Appeal. The Parties shall not file any motions to enforce Party discovery while this stay is pending.

2. The Parties shall not file any additional dispositive motions while this stay is pending.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

4. The scheduling order previously entered in this action shall be hereby **VACATED**.

5. Each of the Parties may request a further Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6. In light of this stipulation, Defendants' motion to stay, and the associated response and reply memoranda (ECF Nos. 44, 47 and 49) are **WITHDRAWN AS MOOT**.

Dated: May 28, 2021           WRIGHT, FINLAY & ZAK

By:   */s/-Darren T. Brenner*
      DARREN T. BRENNER
      Attorneys for Plaintiff
      DEUTSCHE BANK NATIONAL TRUST
      COMPANY

Dated: May 28, 2021           SINCLAIR BRAUN LLP

By:   */s/-Kevin S. Sinclair*
      KEVIN S. SINCLAIR
      Attorneys for Defendants
      FIDELITY NATIONAL TITLE GROUP,
      INC., FIDELITY NATIONAL TITLE
      INSURANCE COMPANY, and FIDELITY
      NATIONAL TITLE AGENCY OF NEVADA,
      INC.

**IT IS SO ORDERED.**

     Dated this __3rd__ day of __June__, 2021.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE

